Madden, Judge,
delivered the opinion of the court:
Plaintiffs sue to recover the value of land and improvements thereto taken by the defendant by permanently submerging the land in water. The defendant urges, first,, that the State of Illinois had taken the land before the defendant came upon the scene, and second, that even if the-state had not “taken” the land by its prior activities, it. had destroyed all or most of its value before the defendant took it.
The State of Illinois in 1919 authorized by legislation the construction of the Illinois Waterway, a deep waterway between Lockport, Illinois, and a point on the Illinois River-near Utica, Illinois, connecting certain drainage canals which flowed into Lake Michigan, the Des Plaines River, and the upper Illinois River which flows into the Mississippi. The necessary approval was obtained from the Secretary of War and construction was begun. The authorized amount of the state bond issue for the purpose was $20,000,- *399 000.00. By the year 1930, $15,500,000.00 of this amount had been expended, and the balance was not enough to complete the project. Plaintiffs’ land had not been directly affected by the state’s activities up to that time. It still lay between the old Illinois-Michigan Canal and the Des Plaines River, fronting upon and at right angles to a bridge over the canal and river. If the state project had been abandoned at that time, plaintiffs’ land would still have been usable as it had been intended to be used in 1913 when plaintiffs’ predecessor had erected a foundation on it, in contemplation of building a three story structure, the first floor at the water level for a warehouse, the second floor at the level of the floor of the bridge for a store and the third floor for a dwelling. Because the building planned in 1913 was abandoned and no building had been contemplated since that time, no permit for access to the bridge had been requested. But the law of Illinois, and common experience, would indicate that a permit could have been obtained if desired.
This was the situation in 1930 when the defendant undertook to complete the water project, the state agreeing to build the new bridges made necessary by the raising of the level of the water which would result from the defendant’s work. In April 1932 the state began the demolition of the old bridge and by March 1933 had completed a new one. On January 16, 1933, the defendant raised the level of the water and permanently submerged plaintiffs’ land.
The State of Illinois would, in all likelihood, have sometime completed the project and submerged plaintiffs’ land, if the defendant had not undertaken in 1930 to complete the waterway. The state had not, however, completed the project to the point of submerging plaintiffs’ land and we do not regard the steps which it had taken, and its plans and hopes for the future, as having converted plaintiffs’ land into a lawsuit against the state before the defendant took over the project. Whether the state’s activities had gone so far that plaintiff could have sued it at all may be doubted, but we need not decide that. Before the defendant submerged the land, it had the same physical existence and substantially the same potentialities of use which it had earlier *400 had, though its prospects for the indefinite future were dubious.
It may be of some importance that what the defendant undertook to do was to complete the work begun by the state, so that it does not seem unfair to require the defendant to pay for what it took, even though the value of the property may have been prospectively impaired in some undetermined amount by the previous activities and plans of the state. The valuation of property taken for public purposes is not an exact mathematical process. It is important, however, that in a somewhat confused situation such as this, the owner shall not lose his. property to the public use without being compensated at all.
We conclude that on January 16,1933, the defendant took from plaintiffs their lot of a frontage of twenty-six feet, which was worth $100.00 per front foot, and their foundation, worth $2,200.00, and that plaintiffs are entitled to recover $4,800.00. Since plaintiffs’ property was taken on January 16, 1933, it is necessary, in order to give them just compensation for the taking, that they be awarded interest from that date on $4,800.00. We find that interest at the rate of 4% is just compensation.
It is so ordered.
JoNes, Judge; WhitakeR, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.